In April of 1946, one Jones, a veteran, acquired title to the premises, a two-family house, by purchase, in connection with which he obtained a veteran’s loan under title III of the Servicemen’s Readjustment Act of 1944 (U. S. Code, tit. 38, § 694 et seq.). The price was $6,500 and he paid $500 in cash to the seller. About two years later, on April 19, 1948, he conveyed an undivided half interest to his brother-in-law, the respondent Brown, as tenant in common. The latter and his family have been living in the apartment of Jones, in this house, since November of 1946. Brown, claiming to have been an equal purchaser with Jones at the time the latter took title in 1946, and that the 1948 deed to himself was in pursuance of a written agreement between J ones and himself, executed, and acknowledged as for recording, on May 3, 1946, under which he obligated himself to pay half the principal payments upon the mortgage and half the carrying expenses and charges, seeks the certificate for the eviction of a tenant who occupies the other apartment. Since only $500 was paid in cash upon the sale, it has not been established that at least 20% of the purchase price under the sale has been paid to the seller, which is prerequisite to the issuance of a certificate. (Administrative Code of the City of New York, § U41-7.0, subd. i.) Payments on account of the mortgage and other expenses and charges, made subsequent to the time of the purchase, and not paid to the seller, may not be considered as part of such required cash payment to the seller. Although respondent may have undertaken, by the agreement of May 3, 1946, to contribute to the repayment of the servicemen’s loan to Jones, he was not thereby transmuted to the status of a purchaser “ who has obtained ” such loan and therefore is not entitled to the exemption, under paragraph (2) of subdivision i of the cited statute, from the minimum cash requirement. Nolan, P. J., Carswell, Adel, Wenzel and MaeCrate, JJ., concur. [193 Misc. 311.] [See post, p. 835.]